IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 7 |
| LLOYD J. HANSEN, | ) | |
| | ) | Bankruptcy No. 12-01989 |
| Debtor. | ) | |
| ALLIANT CREDIT UNION, | ) | |
| | ) | Adversary No. 12-09135 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LLOYD J. HANSEN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER RE: COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT**

This matter came before the undersigned on March 8, 2013 for oral argument in lieu of trial on the Complaint. Attorney Chad C. Leitch appeared for Plaintiff Alliant Credit Union. Attorney Brian W. Peters appeared for Debtor/Defendant Lloyd Hansen. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

**STATEMENT OF THE CASE**

Alliant Credit Union seeks to except debt from discharge under § 523(a)(4) based on losses it sustained from Debtor's embezzlement from his employer. Debtor denies he committed embezzlement with respect to the Credit Union. He

argues the Credit Union is not entitled to a finding of nondischargeability based on the embezzlement from his employer.

## FINDINGS OF FACT

The parties agreed to submit this matter to the Court on stipulated facts and briefs in lieu of trial. The Court accepts the facts as stipulated and summarizes them here.

Debtor deposited checks totaling $15,079, made payable to his former employer, Triton Manufacturing, Inc., in his personal account at Alliant Credit Union and kept the funds for his personal use. He pleaded guilty to first degree theft in Dubuque County court and was ordered to pay Triton restitution. Triton and its insurer, United Fire, made a claim against Alliant Credit Union under the Uniform Commercial Code based on Debtor negotiating the checks at the Credit Union. The Credit Union paid Triton and United Fire $6,950 to settle the claim. On October 4, 2012, the Credit Union filed an action in Iowa District Court against Debtor to recover that amount under the Uniform Commercial Code. Debtor filed his Chapter 7 petition on October 20, 2012.

The Credit Union argues the debt is excepted from discharge under § 523(a)(4) for embezzlement or larceny. It asserts it is subrogated to Triton's claims against Debtor. Debtor denies he committed embezzlement or larceny with respect to the Credit Union. He argues neither the release between the Credit Union, Triton and United Fire (Ex. 6) nor § 509 allows the Credit Union to assert Triton's rights to except the debt from discharge.

## CONCLUSIONS OF LAW

Under § 523(a)(4), a discharge in Chapter 7 does not discharge an individual debtor from any debt for fraud or defalcation while acting in a fiduciary capacity,

embezzlement, or larceny. To meet the bankruptcy definition of larceny, the original taking of the property must be unlawful. In re Treadwell, 459 B.R. 394, 410 (Bankr. W.D. Mo. 2011); citing Werner v. Hofmann, 5 F.3d 1170, 1172 (8th Cir. 1993).

"Embezzlement, for purposes of section 523(a)(4), is the fraudulent appropriation of property of another by a person to whom such property has been entrusted or into whose hands it has lawfully come." In re Thompson, 686 F.3d 940, 947 (8th Cir. 2012).

> In order to prove embezzlement, Plaintiff must show that (1) Debtor was entrusted with property or lawfully came into possession of property of another; (2) Debtor was under a prior restraint, whether written or verbal, as to the use of the property; and (3) the terms of restraint were violated by Debtor's use of the property. In re Belfry, 862 F.2d 661, 663 (8th Cir. 1988). Implicit in a claim of "embezzlement" under § 523(a)(4) is a degree of fraudulent intent.

In re Fuget, 339 B.R. 702, 707 (Bankr. S.D. Iowa 2006) (citations omitted).

One court has excepted a debt from discharge in a situation almost identical to this case. In re Allen, 1999 WL 33588549, at *3 (Bankr. S.D. Ga. 1999). A bank compensated the victim of the debtor's forgery and asserted exceptions to discharge for the amount of the forged check deposited at the bank, including under § 523(a)(4) for larceny. Id. at *1. The court noted:

> [T]he Uniform Commercial Code provides that a customer obtaining payment warrants to the payor bank that he has good title to the item and that he has no knowledge that the signature of the maker or drawer is unauthorized.

3

Id. at *2 (citing Georgia's statute, O.C.G.A. § 11-4-207); see also, Iowa Code § 554.4207 (2012). The court found the debtor's appropriation of the check was wrongful, meeting the requirements of larceny, and excepted the debt to the bank from discharge. Id.

In another case, a court found that a bank into which a forged check was deposited was entitled to assert a claim under § 523(a)(4). In In re Schalk, 191 B.R. 522, 527 (Bankr. N.D.N.Y 1995), the debtor deposited a check at his bank without the endorsement of the co-payee. The court held the bank had standing to bring a § 523(a)(4) claim as a creditor pursuant to § 4-207 of the New York U.C.C. Id. The court ultimately held, however, that the bank had failed to meet its burden to prove the debtor's fraudulent intent. Id.

## ANALYSIS

Pursuant to the foregoing, the Court finds that the Credit Union has standing to assert a § 523(a)(4) claim for embezzlement. The stipulated facts, including Debtor's guilty plea to the charge of theft, establish that Debtor committed embezzlement. He fraudulently deposited checks payable to his former employer, Triton, in his personal account and kept the funds for his personal use. Debtor presented the checks for deposit at the Credit Union. The Credit Union has a claim against Debtor under the Uniform Commercial Code. The Credit Union was injured by Debtor's embezzlement from Triton to the extent it was liable to Triton under the Uniform Commercial Code. The Court concludes the Credit Union has met its burden to prove that its claim is excepted from discharge under § 523(a)(4) for embezzlement.

**WHEREFORE**, the Complaint to Determine Dischargeability of Debt is GRANTED.

4

**FURTHER**, Plaintiff Alliant Credit Union's claim against Debtor is excepted from discharge under § 523(a)(4).

**FURTHER**, judgment shall enter accordingly.

Dated and Entered: April 19, 2013

*Paul J. Kilburg*

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE